Trucharte, Demandante y Apelante, *v.* Figueroa,
Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en
pleito sobre *injunction* para recobrar posesión de propie-
dad inmueble.

No. 1494.—Resuelto en julio 10, 1916.

Injunction para Recobrar Posesión de Propiedad Inmueble—Derecho de Po-
sesión—Actos Recientes de Posesión—Violencia.—No puede alegarse de-
recho alguno a la posesión, ni invocarse la ley de *injunction* para recobrarla
contra el verdadero dueño de una finca por actos recientes de posesión a
menos que transcurra el tiempo necesario; ni puede un administrador o
mayordomo basar su derecho en el ·de su principal, cuando la prueba acredita
que éste no tenía tal derecho sino únicamente el haber entrado violentamente
en la finca dicho administrador o mayordomo por varios días y haber sem-
brado el terreno con ayuda de peones.
Id,—Tolerancia.—De acuerdo con el artículo 446 del Código Civil, el poseedor
por actos meramente tolerados no puede utilizar los interdictos de retener
o de recobrar, a menos que transcurra· el tiempo necesario de posesión.

Los hechos están expresados en la opinión.
Abogados del apelante : *Sres. Muñoz & Brown.*
El apelado no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este fué un *injunction* para recobrar la posesión de parte de un terreno por virtud de la ley No. 43, aprobada en marzo 13, 1913. La teoría que sustenta la demanda parece ser la de que Pablo Trucharte era administrador o mayordomo de cierta finca perteneciente a sus mandantes Doña Adelaida Olivieri, Don Evaristo Freiría y Don Luis Muñoz Morales, finca que se describe en la demanda. Se alega además en la demanda que el demandado penetró violentamente en la parte de la propiedad que estaba administrando el demandante y puso una cerca alrededor de ella y le privó de la posesión de la referida porción, que el dicho demandante había limpiado y acondicionado un mes antes y sembrado de café y plátano.

La corte dictó sentencia a favor del demandado. La prueba demuestra que el demandado estaba en posesión de la finca en cuestión y en realidad ésta pertenecía al demandado hasta mayo 5, 1915, en que el demandante penetró en dicha finca y la sembró. El demandado colocó su cerca alrededor del terreno en 26 de junio, 1915. De manera que la única posesión física que puede alegar el demandante es entre mayo 5 y junio 26, 1915. Los únicos actos de posesión del demandante Trucharte fueron los de ir a la finca en cuestión por varios días y sembrar el terreno con la ayuda de sus peones. En estas condiciones la corte inferior se hizo a sí misma la pregunta de si el demandante había adquirido alguna vez la posesión de la finca en cuestión lo que resolvió en sentido negativo, en vista de los artículos 446, 447, 461 y 462 del Código Civil, basándose principalmente en el artículo 446, el cual es como sigue:

"Artículo 446.—Los actos meramente tolerados y los ejecutados clandestinamente y sin conocimiento del poseedor de una cosa, o con violencia, no afectan a la posesión."

y cita también la corte a Manresa, Comentarios al Código Civil, tomo 4, página 209, y tomo 8, página 379 y siguientes, para demostrar que el tenedor por actos meramente tolerados no puede utilizar los interdictos de retener o de recobrar, y que tiene que transcurrir algún tiempo razonable antes de que se considere que una persona está en posesión. Esta nos parece una sana doctrina.

Los apelantes citan a su vez a Manresa, tomo 4, páginas 213, 214 y 233, que son todos comentarios al equivalente del artículo 446 del Código Civil, y el tomo 6 de Manresa, Comentarios al Código de Enjuiciamiento Civil, páginas 136, 141. A nuestro juicio, sin embargo, el razonamiento de Manresa milita en contra de la teoría de los apelantes. Creemos que él estaba reconociendo el derecho de tenedores por actos violentos contra terceros pero no en cuanto a la persona que tenía un derecho actual para entrar. En la página 214 hace notar expresamente la distinción y dice que la ley, cuando la persona que perturba o arrebata la posesión obra en virtud de un derecho que le corresponde, no considera esto una perturbación contra uno que posee violentamente.

Además, creemos que en este caso la demanda demuestra que la demandante se basaba en el derecho de posesión de sus principales y como la prueba acredita que no tenían tal derecho, como no sea por su misma entrada violenta en mayo 5, 1915, opinamos que no tiene que hacer reclamación alguna a la posesión y no puede invocar la ley No. 43, que substituye al antiguo interdicto de la ley civil.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.